ALLIED STEEL COMPANY v. B. BRYAN LAREY COMMISSIONER, DEPT. OF REVENUES, STATE OF ARKANSAS

5-4926                                    440 S.W. 2d 567

Opinion Delivered May 19, 1969

C. H. Earl and James R. Howard for appellant.

*Lyle Williams, John F. Gautney* and *Hugh L. Brown* for appellee.

Frank Holt, Justice. Appellant brought this cause of action, seeking to apply a reciprocal tax credit against the Arkansas Compensating (use) Tax which was paid under protest.

Appellant is an Oklahoma corporation authorized to do business in Arkansas and engaged in inter-state construction business. Appellant purchased at Memphis, Tennessee, a large mobile crane used in erecting steel on multi-story buildings. Appellant took delivery in Memphis and then had the crane brought directly to appellant's construction job site in Little Rock. The machine arrived in Little Rock in the first week of March, 1968, and after six weeks' use there it was shipped to Oklahoma. On March 6, 1968, appellant paid the State of Oklahoma a use tax of $2,700.00, which was measured by two per cent of the sale price of the crane. On April 12, 1968, appellee assessed an Arkansas Compensating (use) Tax in the amount of $4,050.00, representing three per cent of the purchase price, against appellant for its use of the crane in Arkansas. Appellant paid the Arkansas tax under protest and filed this suit to recover the alleged overpayment of $2,700.00. The chancellor found that appellant was not entitled to relief and dismissed appellant's complaint for want of equity. This appeal followed.

Appellant admits that there was sufficient use of the machinery in Arkansas to justify the levy of the Arkansas use tax. It is appellant's position that the lower court erred in failing to give appellant credit for the use tax paid to Oklahoma. Therefore, appellant has paid $2,700.00 in excess of its tax liability to the State of Arkansas.

Ark. Stat. Ann. § 84-3130 (1967 Supp.) provides that all tangible personal property procured from with-

out the state for use, storage or consumption by a contractor in performance of a contract in this state shall be subject to a compensating (use) tax of three per cent of the purchase price. The third paragraph of this section provides:

"The provisions of this act [§§ 84-3129—84-3134] shall not apply in respect to the use or consumption or storage of tangible personal property as defined in this Act for use or consumption in this State upon which a like tax equal to or greater than the amount imposed by this Act has been paid in this State upon which a like tax equal to or greater than the amount imposed by this Act has been paid in another state, the proof of payment of such tax to be according to rules and regulations made by the Commissioner of Revenues. If the amount of tax paid in another state is not at least equal to or greater than the amount of tax imposed by Act 487 [§§ 84-3101—84-3128] of 1949, as amended, then the contractor shall pay to the Commissioner an amount sufficient to make the tax paid in the other state and this State equal to the total amount of tax due under Arkansas law. No credit shall be given under this section for taxes paid on such property in another state if that state does not grant credit for taxes paid on similar tangible personal property in this State."

Okla. Stat. Ann. Title 68 § 1404(c), in pertinent parts, provides:

"If any article of tangible personal property has already been subjected to a tax, by this or any other state, in respect to its sale or use, in an amount less than the tax imposed by this Article, the provisions of this Article shall apply to it by a rate measured by the difference only between the rate herein provided and the rate by which the previous tax upon the sale or use was computed. Provided, that no credit shall be given for taxes paid in an-

other state, if that state does not grant like credit for taxes paid in Oklahoma.''

Appellant asserts that under § 84-3130 any person who pays a use tax of less than three per cent to any other state is only required to pay an amount which would equal three per cent of the purchase price of the article taxed, if the state in which the tax is paid provides for a similar credit. Reciprocal credit exists in the case at bar.

Appellee contends that Oklahoma was without jurisdiction to impose the collection of a use tax from appellant, because the crane had never come within the boundaries of Oklahoma, nor had any connection with Oklahoma until it was moved there in May, 1968. Appellee submits that since there was no basis for an Oklahoma use tax, appellant's voluntary payment to the State of Oklahoma was not a ''tax'' for which appellant could claim a credit.

We agree with appellee. According to the plain meaning of the applicable Oklahoma statute, the Oklahoma use tax is a tax upon the storing, using or consuming of tangible personal property *within the State of Oklahoma*. Okla. Stat. Ann. Title 68 § 1402, in pertinent parts, provides:

> ''There is hereby levied and there shall be paid by every person storing, using or otherwise consuming, within this State, tangible personal property purchased or brought into this State, an excise tax on the storage, use or other consumption in this State of such property at the rate of two per cent (2%) of the purchase price of such property;...''

The evidence is undisputed that appellant voluntarily paid the Oklahoma use tax some six weeks before the equipment entered Oklahoma. An officer of appellant corporation testified that the machine arrived in Little Rock approximately March 6, which is the day appellant

paid the Oklahoma tax as evidenced by a Oklahoma Tax Commission Excise Tax Receipt made out to appellant. He further testified that appellant made no use of the crane prior to its arrival in Little Rock and that it was moved from Little Rock to Oklahoma City and thereafter to Denver, Colorado.

In our view the $2,700.00 which appellant paid to the State of Oklahoma was not a "tax" as contemplated by the reciprocal credit provision of Ark. Stat. Ann. § 84-3130 (1967 Supp.), and appellant is not entitled to a credit in that amount against the Arkansas Compensating (use) tax assessed and collected from appellant.

Affirmed.